Hinkle, J.
BACKGROUND
On June 9, 1993, plaintiff filed a products liabilily action against defendant. On August 31, 1993, counsel for plaintiff sent a certified letter, summons, complaint and discovery request, return receipt requested, to defendant to notify it of the pending action. The letter was sent to defendant’s North Carolina address and was received on September 3, 1993. The letter was addressed to the corporation and did not name any specific addressee.
While the defendant’s receipt of the letter was within the 90-day limit for sufficient service of process under Mass.R.Civ.P. 4(j), the letter was not addressed in the manner required for service of process to be sufficient. M.G.L.c. 223, §37 requires that, for service on a foreign corporation to be sufficient under the long-arm statute, service must be made on the “foreign corporation’s president, treasurer, clerk, . . . cashier, secretary, agent or other officer in charge."
*524 As a result of the insufficiency of service, defendant filed a motion to dismiss which the Superior Court (Donovan, J.) granted on January 11, 1994. However, on November 30, 1994, plaintiffs filed this action, despite the expiration of the limitations periods for all their claims. Plaintiffs argue that the prior dismissal of the complaint was for a matter of form, and that the improper address was a defect in service remedied by the “savings” statute, M.G.L.c. 260, §32.[2] The plaintiffs assert that the “savings” statute allows their current action to relate back to June 9, 1993, the filing date of the original suit, for statute of limitations purposes.
Defendant moves for summary judgment, arguing that there are no genuine issues of material fact and that, since the “savings” statute does not apply, it is entitled to judgment as a matter of law.
DISCUSSION
Neither party has disputed any material facts concerning the service of process issue. The parties’ legal arguments concern the applicability of the “savings” statute. Plaintiff argues that two exceptions within the “savings” statute apply to this case and allow the case to go forward despite the expiration of the limitations period. Defendant disputes the applicability of the savings statute to the facts of this case.
First, plaintiff argues that the improper address placed on the letter qualifies as “a default or neglect of the officer to whom such process is committed.” At oral argument, counsel for the plaintiff stated that he takes full responsibility for the manner in which service was made. Neither the parties nor the Court has found any case law interpreting the terms “officer to whom such process is committed” in M.G.L.c. 260, §32 or a similar statute. The issue is one of first impression: service by mail on an out-of-state corporation is unusual in that it requires attorneys to send service themselves, rather than using a traditional non-attorney agent. Plaintiff s argument requests the Court to rule that the terms “officer to whom such process is committed” include both agents used by attorneys to effect service of process and attorneys themselves.
While the statute is silent on this point, its silence indicates an unwillingness to distinguish between attorney and non-attorney agents. The statute has been revised, but its principle — that an action dismissed for insufficiency of process may be recommenced if the failure was for a minor procedural reason — has been a part of Massachusetts law since 1770. The statute was not revised when the long-arm statute was amended to include service by mail on nonresident corporations.
The statute has never been interpreted by an appellate court to exclude attorneys from the category of “officers.”[3] Without further guidance from the appellate courts or from the Legislature, this Court cannot determine that the term “officers” was meant to exclude attorneys. There is no evidence to support that interpretation in any case or statute. The plain meaning of the statute does not distinguish between the different persons who may act as officers when serving process.
Since the first exception applies to this case, the Court need not reach plaintiffs second argument: that the mistaken address was a “matter of form” rather than a “matter of substance” and is therefore excused by the savings statute.
ORDER
For the preceding reasons, defendant’s motion for summary judgement is DENIED.

The “savings” statute, M.G.L.c. 260, §32 reads in part:
If an action duly commenced within the time limits in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form . . . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action, or after the reversal of the judgment: . . .

Although similar statutes exist in other states, there are no appellate rulings in those states to help this Court interpret the definition of “officer to whom it was committed." See, e.g.: Connecticut General Statutes Section 52-592; Delaware Code Annotated Title 10 Section 8118.